### JOHNSON v. DEMMERT PACKING CO.

No. 3468–A.

First Division. Juneau.

Dec. 11, 1933.

Frank Foster, of Juneau, for plaintiff.
W. L. Paul, of Juneau, for defendant.

ALEXANDER, District Judge.

This matter is before the court on defendants' motion to set aside the service and quash the summons therein; it being contended by the defendants that the service of summons should be set aside and the summons quashed for the reasons:

First. That the copy of the summons delivered to the defendants was not certified by the plaintiff, his agent or his attorney, or at all.

Second. That the original summons was not read or shown to the defendants or any one of them as required by law.

Our statute, section 878, C.L.A., as amended by chapter 21, Laws of 1933, provides that summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney, or by the clerk of the court.

This statute was taken verbatim from the Oregon statute, and it, in turn, from the New York Code.

The answer to defendants' first objection is found in the officer's return on the summons. The service was made by a deputy marshal, and follows exactly the wording of the statute.

Defendant, however, contends that the copy of the summons delivered to defendants was not certified by plaintiff, his agent or attorney, or at all.

The answer to that is that the officer's return shows that the service was made in compliance with the statute and follows the wording of the statute. Even the comma after the word "complaint" and before the word "prepared," as

used in the wording of the statute, and spoken of in Cole v. Rustgard, to which the court's attention is called, is present in the officer's return here, which, grammatically construed, means that both the summons and complaint were certified by Frank H. Foster, plaintiff's attorney, and covers even the defect sought to be raised in Cole v. Rustgard, and, since the officer's return must be taken as true, in the absence of any showing to the contrary, there is no merit in defendants' contention, even though it is necessary, which we do not here decide, that the summons be certified.

There is no merit in defendants' second contention, "That the original summons was not read or shown to the defendants or to any one of them, as required by law," as there is no law that makes such requirement.

Defendants' motion is therefore denied, and defendants given twenty days in which to answer or further plead herein.